# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Harley Dean Meyer,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Thomas Haeg, et al.,<br><br>　　　　Defendants. | Civil No. 15-cv-2564 (SRN/HB)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter is before the Court on Plaintiff Harley Dean Meyer's Objection in Part [Doc. No. 129] to, and Plaintiff's Motion for Reconsideration on the Grounds of Excusable Neglect [Doc. No. 130] of, the Magistrate Judge's November 9, 2015 Order [Doc. No. 123][1] granting in part Plaintiff's Motion for Extension of Time to File Amended Complaint [Doc. No. 101], denying without prejudice Plaintiff's Motion to Compel Joinder of Party [Doc. No. 2], and granting in part the Federal Defendants' Unopposed Motion for Extension of Time [Doc. No. 105].  The Court affirms the Order for the reasons set forth below.

## II.  BACKGROUND

Plaintiff filed this action on May 27, 2015 against several named Defendants, as well as unnamed Defendants "J. Doe 1-91" [Doc. No. 1].  On May 27, Plaintiff also filed his

---

[1]　　The Order was issued by Magistrate Judge Becky R. Thorson, but the case has since been reassigned to Magistrate Judge Hildy Bowbeer [Doc. No. 142].

Motion to Compel Joinder of Party, in which he requested that the Court compel his son, Jarvis Iyasu Meyer, to join this litigation as a plaintiff. (Mot. to Compel Joinder of Party [Doc. No. 2], at 1.) According to Plaintiff, Jarvis Meyer has the capacity to sue and has claims that arise from the same series of transactions and occurrences from which Plaintiff's claims arise. (Id. at 2.) However, Plaintiff asserts that certain unnamed persons have persuaded Jarvis Meyer not to join the lawsuit and that Jarvis' claims may be barred absent joinder because the statute of limitations was to expire on May 27, 2015.[2] (Mem. of Law in Supp. of Mot. to Compel Joinder of Party [Doc. No. 3], at 3–5.)

Three of the named Defendants filed Answers to the Complaint on October 12, 2015 [Doc. Nos. 37, 38], and several of the named Defendants filed motions to dismiss on October 13 [Doc. Nos. 39, 45, 50, 60]. Thereafter, on November 3, Plaintiff filed a Motion for Extension of Time to File Amended Complaint, in which he sought "as a matter of course" to file an amended complaint that identifies "all J. Does," clarifies the relief sought and the constitutional challenges asserted, corrects errors in the initial Complaint, and adds "additional complaints." (Pl.'s Mot. for Extension of Time to File Am. Compl. [Doc. No. 101], at 1.) He requested that the amended complaint be due nine weeks from November 5, 2015. (Id. at 2.) On November 5, the "Federal Defendants" filed their Unopposed Motion for Extension of Time, in which they sought an extension of time until February 8, 2016 in which to respond to the Complaint or an amended complaint. (Federal Defs.' Unopposed Mot. for Extension of Time [Doc. No. 105], at 1.)

---

[2] According to Plaintiff, May 27, 2015 was Jarvis Meyer's nineteenth birthday. (Pl.'s Aff. in Supp. of Obj. and in Supp. of Mot. to Reconsider [Doc. No. 132] ¶ 14.)

The Magistrate Judge issued her Order on Plaintiff's Motions on November 9, 2015. She determined that, although Plaintiff was no longer able to file an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), leave to amend was appropriate under Rule 15(a)(2) (i.e., "when justice so requires") given Plaintiff's pro se status and the Federal Defendants' pending request for an extension of time. (Order dated Nov. 9, 2015 [Doc. No. 123], at 2–3.) Accordingly, the Magistrate Judge granted Plaintiff leave until November 30, 2015 to file an amended complaint, and she ordered the Federal Defendants (and any other Defendant) to respond to the original Complaint or any amended complaint by December 30, 2015. (Id. at 4.)

Regarding the joinder issue, the Magistrate Judge stated: "Plaintiff has not demonstrated, and this Court does not find, that complete relief could not be accorded among the existing parties (in this case, Plaintiff) in the absence of Plaintiff's son." (Id. at 3.) She also noted that the Court had not received any claim of interest by Jarvis Meyer and that it was not clear whether Plaintiff would be able to obtain Jarvis Meyer's consent to join an amended complaint. (Id.) Accordingly, Plaintiff had not demonstrated that the requirements of Federal Rule of Civil Procedure 19 were met,[3] and the Magistrate Judge denied without prejudice the Motion to Compel Joinder of Party. (Id. at 4.)

---

[3]   Federal Rule of Civil Procedure 19(a) describes persons who should be joined in an action if feasible:

> (1)   A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

3

On November 23, Plaintiff filed both his Objection to, and his Motion for Reconsideration of, the Magistrate Judge's Order.  In his Objection, made pursuant to Federal Rule of Civil Procedure 72(a), Plaintiff takes issue with the amount of time that the Magistrate Judge granted him to file an amended complaint, arguing that the three-and-a-half weeks was "not realistic" because he is pro se, he has a full-time job, he is a single parent, and the lawsuit is complex.  (Pl.'s Obj. in Part to the Order Docket No. 123 [Doc. No. 129] ("Pl.'s Obj."), at 1; Pl.'s Aff. in Supp. of Obj. and in Supp. of Mot. to Reconsider [Doc. No. 132] ("Pl.'s Aff."), ¶¶ 5, 12.)  As for the Magistrate Judge's ruling regarding joinder, Plaintiff states that "[t]he magistrate decision was not made in error, since the magistrate acted based upon the information available at the time."  (Pl.'s Obj. at 2.)  However, Plaintiff requests that this Court consider additional information submitted in conjunction with his Objection.  (Id.)  In that regard, Plaintiff states that he filed the Complaint on May 27 in order to toll the statute of limitations for Jarvis Meyer, and that

---

      (A)    in that person's absence, the court cannot accord complete relief among existing parties; or

      (B)    that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

            (i)    as a practical matter impair or impede the person's ability to protect the interest; or

            (ii)    leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

joinder of Jarvis Meyer is appropriate under Rule 19(a)(1)(B) because he otherwise may be barred from bringing his claims or other parties may face duplicative lawsuits. (Pl.'s Aff. ¶ 14.) He also states that the fact that Plaintiff is pro se, has a full-time job, is a single parent, and is overseas constitutes excusable neglect for not previously demonstrating the need to join Jarvis Meyer as a party. (Id.)

In his Motion for Reconsideration, Plaintiff seeks relief under Federal Rules of Civil Procedure 60(b)(1) and 72(a) from the same two rulings. (Pl.'s Mot. for Reconsideration on the Grounds of Excusable Neglect [Doc. No. 130], at 1.) He argues that his conduct was excusable because Jarvis Meyer would suffer prejudice if his claims are barred, and because Plaintiff is acting pro se and has many constraints on his time that are outside of his control. (Mem. of Law in Supp. of Pl.'s Mot. for Reconsideration on the Grounds of Excusable Neglect [Doc. No. 131], at 3–6.) He also states that there will be no delay to the Court in allowing Plaintiff extra time because he cannot appear until March 2016 for a hearing. (Id. at 3, 5.)

On December 1, while the Objection and Motion for Reconsideration were pending, Plaintiff filed his First Amended Complaint [Doc. No. 136]. Jarvis Meyer was not included as a plaintiff. On December 30, several Defendants—including the Federal Defendants—filed motions to dismiss the First Amended Complaint [Doc. Nos. 143, 168, 175, 180, 184, 193] or answers to the First Amended Complaint [Doc. Nos. 198, 199].

### III.   DISCUSSION

As a preliminary matter, motions for reconsideration may not be filed in this Court absent the Court's prior permission, and a party seeking reconsideration must show

5

"compelling circumstances" in order to obtain permission. D. Minn. LR 7.1(j). Because Plaintiff failed to seek permission, his Motion for Reconsideration is not properly before the Court and is denied. However, Plaintiff raised the same arguments in his Objection as he raised in his Motion for Reconsideration, and the Court will consider those arguments below.

Motions to amend pleadings and motions related to joinder are nondispositive motions. D. Minn. LR 7.1(b)(4)(A). "The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential." Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). The Court must affirm the order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); accord D. Minn. LR 72.2(a)(3). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). If the magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the reviewing court may not reverse it even though had it been sitting as the trier of fact, it would have weighed the evidence differently. Anderson v. Bessemer City, 470 U.S. 564, 573–74 (1985).

The Court finds that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. In fact, Plaintiff concedes as much in regard to the Magistrate Judge's ruling on his Motion to Compel Joinder. Instead, Plaintiff asks this Court to review additional information in support of his Motion that purportedly was not available at the time his original Motion was presented to the Magistrate Judge—e.g., that joinder of

Jarvis Meyer is appropriate because he otherwise may be barred from bringing his claims or other parties may face duplicative lawsuits, and that Plaintiff is pro se, has a full-time job, is a single parent, and is overseas.  This Court finds that, not only did the Magistrate Judge consider most—if not all—of this information, but that all of this information would have been known to Plaintiff when he filed his original Motion and should have been presented to the Magistrate Judge at that time.  Accordingly, Plaintiff's Objection regarding his Motion to Compel Joinder is overruled.

As for Plaintiff's Motion for an Extension of Time to Amend, the Magistrate Judge correctly noted that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  When leave is granted, a party is not entitled to choose the amount of time within which to file an amended pleading.  Thus, while Plaintiff is pro se and may have constraints on his time, he has failed to demonstrate that the amount of time accorded by the Magistrate Judge was clearly erroneous or contrary to law.  Moreover, the Court notes that Plaintiff did file a First Amended Complaint on December 1, to which several Defendants have responded.  Accordingly, Plaintiff's Objection regarding his Motion for an Extension of Time also is overruled.

**IV.    ORDER**

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objection in Part [Doc. No. 129] to the Magistrate Judge's November 9, 2015 Order is **OVERRULED**;

2. Plaintiff's Motion for Reconsideration [Doc. No. 130] of the Magistrate Judge's November 9, 2015 Order is **DENIED**;

7

3. The Magistrate Judge's November 9, 2015 Order [Doc. No. 123] is **AFFIRMED**;

4. Plaintiff's Motion for Extension of Time to File Amended Complaint [Doc. No. 101] is **GRANTED IN PART**, as detailed in the Magistrate Judge's November 9, 2015 Order;

5. Plaintiff's Motion to Compel Joinder of Party [Doc. No. 2] is **DENIED WITHOUT PREJUDICE**, as detailed in the Magistrate Judge's November 9, 2015 Order; and

6. The Federal Defendants' Unopposed Motion for Extension of Time [Doc. No. 105] is **GRANTED IN PART**, as detailed in the Magistrate Judge's November 9, 2015 Order.

Dated:  January 4, 2016                    s/Susan Richard Nelson
                                           SUSAN RICHARD NELSON
                                           United States District Judge