## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Harley Dean Meyer,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Thomas Haeg, Hennepin County Referee,<br>in his official capacity, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-2564 (SRN/HB)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Harley Dean Meyer, % Ladapa Tiwasingha, 96 Moo 3 Vibabadee Randsit Road, Laksi, Bangkok, Thailand 10210, pro se.

Andrew Tweeten, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, Richard S. Reeves, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, David Grobeck, 5821 Blaisdell Avenue South, Minneapolis, Minnesota 55419, Ronald S. Stadler, Mallery & Zimmerman, S.C., 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin 53202, Stacy A. Broman, Laura J. Hanson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402, Bryon Glen Ascheman, Burke & Thomas, PLLP, 3900 Northwoods Drive, Suite 200, St. Paul, Minnesota 55112, Virginia K. Ekola, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, Amie E. Penny Sayler, Jonathan P. Norrie, Bassford Remele, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, Angela B. Brandt, David M. Wilk, Larson King LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, Ann-Marie Anderson, Wright Welker & Pauole, PLC, 10429 South Fifty-first Street, Suite 285, Phoenix, Arizona 85044, Steven C. Kerbaugh, Steven M. Phillips, Anthony Ostlund Baer & Louwagie P.A., 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, Barry G. Vermeer, Jennifer M. Waterworth, Gislason & Hunter, 701 Xenia Avenue South, Suite 500, Minneapolis, Minnesota 55416, Lindsey A. Streicher, Patrick M. Biren, Brownson & Linnihan, PLLP, 225 South Sixth Street, Suite 4800, Minneapolis, Minnesota 55402, Erin M. Secord, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, Ashley M. DeMinck, and Ellen B. Silverman, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge for consideration of Plaintiff Harley Dean Meyer's Objections [Doc. No. 389] to United States Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R"), dated October 5, 2016 [Doc. No. 383]. The magistrate judge recommended as follows: that Defendant John H. Pribyl's Motion to Dismiss the First Amended Complaint ("FAC") [Doc. No. 283] be granted; that Defendant Michael Fuhrman's Motion to Dismiss the FAC [Doc. No. 296] be granted; that Defendant Janey Nelson's Motion to Dismiss [Doc. No. 344] be granted; that Defendant Sonia Mosch's Motion to Dismiss the FAC [Doc. No. 357] be granted; that Meyer's Motion for Extension of Time to File Responsive Motion to Mosch's Motion to Dismiss [Doc. No. 376] be granted; that Meyer's Motion for Order to Show Cause [Doc. No. 367] be denied; that all claims against J. Does 14, 15, and 16, in their official capacities, be dismissed without prejudice; that all claims against Marnette Hoisve be dismissed without prejudice; and that, in accordance with the magistrate judge's June 27, 2016 Report and Recommendation [Doc. No. 292], all claims against J. Does 22-28 be dismissed with prejudice.

Pursuant to statute, this Court reviews de novo any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b)(3).

Based on that de novo review, and for the reasons set forth below, the Court overrules Meyer's objections and adopts the R&R in its entirety.

## II.     BACKGROUND

The factual and procedural underpinnings of this case have been thoroughly set forth in several prior orders of this Court, and of the magistrate judge. (*See, e.g.*, Aug. 5, 2016 Order [Doc. No. 341]; June 27, 2016 Report and Recommendation [Doc. No. 292].) To avoid unnecessary repetition, the Court incorporates by reference the background sections of those documents here.

## III.    DISCUSSION

### A.     Dr. Pribyl's Motion to Dismiss

In the FAC, Meyer brings a claim for commercial bribery against Dr. Pribyl. (R&R at 5.)[1] Dr. Pribyl has since moved to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that no such cause of action exists under Minnesota law. (*See* Pribyl Mot. to Dismiss at 1; Mem. in Supp. of Pribyl's Mot. to Dismiss [Doc. No. 285] at 1.) In a thorough examination of the issue, the magistrate judge concluded that, while commercial bribery is a criminal act prohibited by Minn. Stat. § 609.86, that fact by itself does not imply the existence of a civil cause of action. *See U.S. Fed. Credit Union v. Stars & Strikes, LLC*, No. A10-1101, 2011 WL 1466383, at *5 (Minn. Ct. App. Apr. 19, 2011) ("[A] criminal statute does not automatically give rise to a civil cause of action unless the statute expressly or by clear implication so provides."). Noting that

---

[1] Because, after a de novo review of the voluminous record, the Court finds the R&R to be accurate, the Court will cite to the R&R for the facts underlying Meyer's Objections.

Minn. Stat. § 609.86 does not provide for a civil cause of action, the magistrate judge recommended dismissal of the commercial bribery claim. (R&R at 6 (citing *Stars & Strikes*, 2011 WL 1466383, at *5).)

The magistrate judge also addressed a contention raised by Meyer for the first time in his opposition memorandum—that the commercial bribery allegation serves as a predicate act under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. (*See* R&R at 7.) Meyer apparently contends that Dr. Pribyl is one of the J. Doe Defendants listed under Count XXVIII of the FAC, which asserts a civil RICO claim. (*See id.*) As to Dr. Pribyl, however, the magistrate judge concluded that any RICO claim is clearly barred by the applicable four-year statute of limitations, given that the alleged commercial bribery arises from proceedings that occurred more than eleven years prior to the filing of this suit. (*Id.* (citing *Klehr v. A.O. Smith Corp.*, 87 F.3d 231, 238 (8th Cir. 1996).) Finding no allegations in the FAC that would support a claim for fraudulent concealment or equitable tolling, Judge Bowbeer recommended dismissal of the purported RICO claim against Dr. Pribyl. (*Id.*)

Meyer's objections do not directly address the magistrate judge's recommendations as to either the commercial bribery claim or the purported RICO claim leveled against Dr. Pribyl.[2] (*See generally* Pl.'s Obj.) As previously noted, the burden is

---

[2] The majority of Meyer's Objection to the R&R is taken up with a renewal of arguments previously raised before the magistrate judge and before this Court—notably regarding alleged forgeries and their effect on the relevant statutes of limitation. (*See* Pl.'s Obj. at 2-12.) The Court declines to consider these objections here for four independent reasons: first, to the extent these objections go to the magistrate judge's prior June 27, 2016 Report and Recommendation, those objections are untimely. *See* Fed. R. Civ. P. 72(b);

on the objecting party to note—with specificity—the basis upon which he objects to each recommendation. *See* D. Minn. LR 72.2(b)(1). General or conclusory objections are insufficient to trigger de novo review of the magistrate judge's report. *Id.* at 72.2(b)(3); *see also United States v. $90,000 in U.S. Currency*, No. 07-cv-4744 (JRN/FLN), 2010 WL 1379777, at *9 n.3 (D. Minn. Mar. 31, 2010) (noting that "general objections" to a magistrate judge's Report and Recommendation are "inadequate" under Fed. R. Civ. P. 72(b)(2)). These deficiencies aside, however, the Court finds no error in the magistrate judge's recommendation that Dr. Pribyl's motion to dismiss for failure to state a claim should be granted. The law in Minnesota is clear that commercial bribery exists only as a criminal act—not a civil cause of action. *Stars & Strikes*, 2011 WL 1466383, at *5. Likewise, the allegations in the FAC show that Meyer has been aware of any injury suffered at the hands of Dr. Pribyl since at least 2003—well beyond the four-year statute of limitations applicable to civil RICO claims. *See Klehr*, 87 F.3d at 238. Accordingly, the Court will adopt Judge Bowbeer's recommendations with regard to Dr. Pribyl, and dismiss both claims against him with prejudice.

B.      **Dr. Fuhrman's Motion to Dismiss**

---

D. Minn. LR 72.2(b). Second, even if these specific objections were timely, the Court has already considered and rejected Meyer's objections to the June 27, 2016 Report & Recommendation. (*See* Aug. 5 Order.) It will not reconsider that ruling here. Third, objections relating to alleged forgeries in the underlying record are non-responsive to the magistrate judge's recommendations found in the present R&R, which do not depend on (or even reference) the documents Meyer alleges are forgeries. Finally, to the extent Meyer seeks to raise arguments on review that were not previously presented to the magistrate judge, those arguments will not be considered for the first time here. *See Nunn v. Hammer*, No. 16-cv-2693 (SRN/HB), 2016 WL 5477072, at *3 (D. Minn. Sept. 28, 2016) ("New claims or arguments, presented for the first time in the objections to an R&R, will not be reviewed.") (citation omitted).

As with Dr. Pribyl, Meyer's claim against Dr. Fuhrman is based on a purported civil cause of action for commercial bribery. (*See* R&R at 7.) For reasons identical to those discussed in Part III.A, *supra*, the magistrate judge concluded that no such cause of action exists under Minnesota law, and recommended dismissal of the commercial bribery claim. (*See id.* at 8.) Likewise, the magistrate judge rejected as time-barred contentions raised by Meyer in his opposition memorandum that the commercial bribery alleged against Dr. Fuhrman is a predicate act under RICO, and that Dr. Fuhrman is one of the J. Doe Defendants listed under his civil RICO claim. (*See id.*) Because Judge Bowbeer concluded that Dr. Fuhrman's motion to dismiss for failure to state a claim was warranted, she did not address his alternate motion to dismiss for insufficient service of process. (*See id.*)

Again, Meyer does not raise any specific objections to the magistrate judge's conclusions regarding Dr. Fuhrman. Having conducted its own review of the matter, this Court concludes that Judge Bowbeer properly applied the law to the facts as stated in the FAC and related exhibits. Accordingly, the Court will grant Dr. Fuhrman's Rule 12(b)(6) motion, and dismiss all claims against him with prejudice. For the same reasons specified in the R&R, the Court finds it unnecessary to consider Dr. Fuhrman's alternate basis for dismissal.

C.   **Nelson's Motion to Dismiss**

As with Drs. Pribyl and Fuhrman, Meyer alleges a claim for commercial bribery against Nelson, as well as a purported claim under RICO. (*See id.* at 9.) The magistrate judge once again recommended dismissal of both claims, finding no cause of action for

commercial bribery under Minnesota law, and concluding that any RICO claim was time-barred. (*Id.*)  As Meyer raises no objections specific to Nelson, and because the analysis does not otherwise differ from that employed in Parts III.A and B, the Court adopts the magistrate judge's recommendation as to Nelson, and dismisses all claims against her with prejudice.  For those reasons described in Part III.B, the Court declines to consider Nelson's alternate argument that dismissal is warranted, in the alternative, for insufficient service of process.

**D.     Mosch's Motion to Dismiss**

Meyer alleges two claims against Dr. Mosch: commercial bribery, and defamation/libel. (R&R at 9.)  As with Drs. Pribyl and Fuhrman and Ms. Nelson, Meyer further contends in his opposition memorandum that the commercial bribery allegation against Dr. Mosch is a predicate act under RICO, giving rise to liability under that statute. (*Id.* at 10.)

The magistrate judge recommended dismissal of both the commercial bribery claim and the purported RICO claim for those reasons discussed previously in Parts III.A, B, and C.  (*Id.*)  Because once again Meyer raises no specific objections to these recommendations, and because the Court's own analysis does not lead it to a conclusion different than that reached in Parts III.A, B, and C, the Court adopts the magistrate judge's recommendation and dismisses both claims with prejudice.

Meyer's second claim alleges that Dr. Mosch knowingly and intentionally made false representations in writing about him in 2002 and 2003. (R&R at 10.)   Judge Bowbeer recommended that this claim be dismissed because it is barred by the relevant

7

statute of limitations. *See* Minn. Stat. § 541.07 (setting two-year limitations period on claims for libel, slander, etc.); *Wild v. Rarig*, 234 N.W.2d 775, 793 (Minn. 1975) (noting that actions for defamation are subject to § 541.07.). Meyer objects to this conclusion, arguing that "[t]he discovery of fraud supersedes the statutory requirement set forth in Minn. Stat. § 541.07." (Pl.'s Obj. at 13.) He also contends that because the allegedly defamatory statements were "place[d] in a public record" there is a continuing injury that restarts the limitations period. (*Id.*)

The Court finds Meyer's objections to be without merit. While it is true, as a general matter, that fraudulent concealment may toll the relevant statute of limitations under Minnesota law, *see Johnson v. Winthrop Labs. Div. of Sterling Drug, Inc.*, 190 N.W.2d 77, 81 (Minn. 1971), at no point in the FAC does Meyer allege any facts suggesting that Dr. Mosch acted to conceal any alleged defamatory or libelous representations. Without such allegations, the Court has no basis on which to conclude that Meyer's claim is anything other than time-barred. Likewise, while republication of a libelous or defamatory statement can indeed restart the statute of limitations, *Takuanyi v. Office of Lawyers Prof'l Responsibility*, No. A05-1259, 2006 WL 1460726, at *2 (Minn. Ct. App. 2006), Meyer does not allege facts in the FAC that suggest republication has occurred.[3] Accordingly, the Court rejects Meyer's objection as to this claim, and adopts

---

[3] Indeed, Meyer's FAC is utterly devoid of any specific allegations relating to the defamation/libel claim against Dr. Mosch. (*See* FAC [Doc. No. 136] ¶¶ 506-509.) Under Minnesota law, a plaintiff must allege "who made the allegedly libelous statements, to whom they were made, and where." *Pope v. ESA Servs., Inc.*, 406 F.3d 1101, 1011 (8th Cir. 2005). He must also generally set forth the precise statement that is alleged to be defamatory. *Magee v. Trs. of the Hamline Univ.*, 957 F. Supp. 2d 1047, 1074 (D. Minn.

the magistrate judge's recommendation. All claims against Dr. Mosch are dismissed with prejudice.

### E. Meyer's Motion for Order to Show Cause

The magistrate judge also recommended denying Meyer's motion for an order requiring Drs. Fuhrman and Mosch and Ms. Nelson to show cause why they did not sign and return a waiver of service within sixty days of receiving the summons, complaint, and waiver-of-service form by mail. (R&R at 11.) Judge Bowbeer identified two independent bases for denying this motion: first, that the motion is essentially moot in light of the recommendation that all counts against the three defendants be dismissed; and second, because there is no legal requirement that a defendant agree to waive service. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996) ("Defendants ha[ve] no obligation to waive their due process right to proper service."); *Seretse v. Andersen Corp.*, No. 12-cv-323 (SRN/TNL), 2013 WL 2434876, at *3 (D. Minn. June 4, 2013) ("[I]f the defendant does not return the waiver form, the plaintiff must still serve the summons and complaint in a manner prescribed by Rule 4."); *see also Otto v. Fabian*, No. 15-cv-89 (SRN/JSM), 2016 WL 1602721, at *2 (D. Minn. Mar. 30, 2016) (noting that under Minnesota state law, service by mail is not effective unless the defendant returns an acknowledgment-of-service form to the plaintiff).

Meyer's objection to the magistrate judge's recommendation consists of the

---

2013). Besides broadly alleging that Dr. Mosch made a defamatory or libelous statement, however, Meyer provides none of these required details. On this basis alone—even discounting the sound reasons provided by the magistrate judge—the Court would be warranted in dismissing his claim.

following two sentences:

> The R&R's explanation is an abuse of discretion in that if the [sic] recommendation is to dismiss based upon statute of limitations. But without considering the aggravated forgery those recommendations should not stand.

(Pl.'s Obj. at 14.) To the extent this objection contends that the magistrate judge's recommendation is in error because it is—in part—premised on dismissal of the various claims against Drs. Fuhrman and Mosch and Ms. Nelson on statute of limitations grounds, the Court disagrees for the reasons stated in Parts III.A-D.[4] Having concluded that the claims against these three defendants should be dismissed with prejudice, there is no practical purpose to be served by requiring response to Meyer's motion.

Independent of this consideration, the magistrate judge is entirely correct that there is no legal requirement that defendants waive service of process, making an order to show cause improper. Accordingly, the motion for an order to show cause is denied.

F. **Other Service of Process Issues**

In addition to the various motions to dismiss discussed above, the magistrate judge also recommended that the Court dismiss J. Does 14, 15, and 16, and named defendant Marnette Hoisve, from this action on the alternate grounds of Meyer's failure to comply with that court's June 30, 2016 Order [Doc. No. 294], or failure to properly effectuate service on these defendants. (R&R at 12-16.) *See* Fed. R. Civ. P. 4(m), 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure

---

[4] For reasons discussed previously, Meyer's objections relating to aggravated forgery are not properly before the Court at this time, and will not be considered here. *See supra* note 2.

or any court order."). Meyer does not directly object to the magistrate judge's recommendation as to this issue.[5] As the Court finds that nearly a year has passed since Meyer filed the FAC, and that in that time the above named defendants have not been properly served, it will adopt Judge Bowbeer's recommendation and dismiss those defendants from this action without prejudice. *See* Fed. R. Civ. P. 4(m) (requiring dismissal without prejudice of any defendant not properly served within 90 days after filing of the complaint, absent showing of good cause for delay).

## IV. ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Magistrate Judge's October 4, 2016 Report and Recommendation [Doc. No. 389] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 383];

3. Defendant John H. Pribyl's Motion to Dismiss the First Amended Complaint [Doc. No. 283] is **GRANTED**, and all claims against Defendant John H. Pribyl are **DISMISSED** with prejudice;

4. Defendant Michael Fuhrman's Motion to Dismiss the First Amended Complaint [Doc. No. 296] is **GRANTED**, and all claims against Defendant Michael Fuhrman are **DISMISSED** with prejudice;

5. Defendant Janey Nelson's Motion to Dismiss [Doc. No. 344] is **GRANTED**, and all claims against Defendant Janey Nelson are **DISMISSED** with prejudice;

6. Defendant Sonia Mosch's Motion to Dismiss the First Amended Complaint [Doc. No. 357] is **GRANTED**, and all claims against Defendant Sonia Mosch are **DISMISSED** with prejudice;

---

[5] Meyer generally states that Judge Bowbeer's "[June 30, 2016] Order was not clear in some aspects . . . ." (Pl.'s Obj. at 14.) To the extent this statement constitutes an objection, it is untimely by several months. *See* Fed. R. Civ. P. 72.2(a) ("A party may serve and file objections to the order *within 14 days* after being served with a copy. A party *may not assign as error* a defect in the order not timely objected to.") (emphasis added). Upon independent review, the Court further finds nothing unclear about the order in question.

7.  Plaintiff Harley Dean Meyer's Motion for Extension of Time to File Responsive Motion to Defendant Mosch's Motion to Dismiss [Doc. No. 376] is **GRANTED**;

8.  Plaintiff Harley Dean Meyer's Motion for Order to Show Cause [Doc. No. 367] is **DENIED**;

9.  All claims against J. Does 14, 15, and 16, in their official capacities (Arizona Department of Economic Security, Division of Support Enforcement) are **DISMISSED** without prejudice;

10. All claims against Marnette Hoisve are **DISMISSED** without prejudice; and

11. Pursuant to the Magistrate Judge's June 27, 2016 Report and Recommendation [Doc. No. 292], adopted in its entirety by Order of this Court dated August 5, 2016, all claims against J. Does 22-28 (State of Minnesota – Minnesota Supreme Court) are **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: November 21, 2016                         s/Susan Richard Nelson
                                                 SUSAN RICHARD NELSON
                                                 United States District Judge