## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Harley Dean Meyer,<br><br>             Plaintiff,<br><br>v.<br><br>Thomas Haeg, Hennepin County Referee,<br>in his official capacity, et al.,<br><br>             Defendants. | Case No. 15-cv-2564 (SRN/HB)<br><br><br><br>**ORDER** |

Harley Dean Meyer, % Ladapa Tiwasingha, 96 Moo 3 Vibabadee Randsit Road, Laksi, Bangkok, Thailand 10210, pro se.

Andrew Tweeten, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, Richard S. Reeves, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, David Grobeck, 5821 Blaisdell Avenue South, Minneapolis, Minnesota 55419, Ronald S. Stadler, Mallery & Zimmerman, S.C., 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin 53202, Stacy A. Broman, Laura J. Hanson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402, Bryon Glen Ascheman, Burke & Thomas, PLLP, 3900 Northwoods Drive, Suite 200, St. Paul, Minnesota 55112, Virginia K. Ekola, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, Amie E. Penny Sayler, Jonathan P. Norrie, Bassford Remele, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, Angela B. Brandt, David M. Wilk, Larson King LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, Ann-Marie Anderson, Wright Welker & Pauole, PLC, 10429 South Fifty-first Street, Suite 285, Phoenix, Arizona 85044, Steven C. Kerbaugh, Steven M. Phillips, Anthony Ostlund Baer & Louwagie P.A., 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, Barry G. Vermeer, Jennifer M. Waterworth, Gislason & Hunter, 701 Xenia Avenue South, Suite 500, Minneapolis, Minnesota 55416, Lindsey A. Streicher, Patrick M. Biren, Brownson & Linnihan, PLLP, 225 South Sixth Street, Suite 4800, Minneapolis, Minnesota 55402, Erin M. Secord, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, Ashley M. DeMinck, and Ellen B. Silverman, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

Before the Court are two motions brought by Plaintiff Harley Dean Meyer: Plaintiff's First Motion for Court to Take Judicial Notice of Adjudicative Facts [Doc. No. 391], and Plaintiff's First Motion for Court to Take Judicial Notice of Law [Doc. No. 404]. For the following reasons, both motions are denied.

## II.  DISCUSSION

### A.   Plaintiff's Motion for Court to Take Judicial Notice of Adjudicative Facts

Plaintiff asks the Court to take judicial notice of several hundred pages of documents and other items.  (*See generally* Notice [Doc. No. 393] and attached exhibits.)  For at least two reasons, the Court will deny the request.  First, despite originally having been filed more than a year ago, this case has not left the pleading stage of litigation—indeed, several motions to dismiss Plaintiff's First Amended Complaint ("FAC") are currently pending before this Court.  Accordingly, without converting those motions to motions for summary judgment, this Court is constrained to consider only those factual allegations contained within the four corners of the FAC, as well as those materials attached to the FAC as exhibits.  *See* Fed. R. Civ. P. 12(d); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986); *Kennedy v. Settles*, No. 10-299-HRW, 2014 WL 1621999, at *3 (E.D. Ky. Apr. 22, 2014). As Plaintiff's motion constitutes neither, the Court need not—and will not—consider it here.

Second, and more pertinently, the Federal Rules of Evidence greatly limit the type of "facts" this Court can take judicial notice of.  Under Rule 201(b), only facts that are "generally known within the trial court's territorial jurisdiction," or which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned" can be noticed by the Court.  "A high degree of indisputability is the essential prerequisite" to this requirement.  Fed. R. Evid. 201 advisory committee's note (1972).  Plaintiff's materials do not meet this burden here.

Accordingly, Plaintiff's motion is denied.

### B.     Plaintiff's Motion for Court to Take Judicial Notice of Law

Plaintiff also asks the Court to take extensive judicial notice of various statutes, cases, and principles of law.  (*See generally* Notice [Doc. No. 407] and attached exhibits.)  As Plaintiff concedes, no rule exists requiring the Court to do so.  (*See* Pl.'s Mot. at 1.)  This Court thus declines to take explicit notice—outside of the regular course of briefings—of such materials.  Plaintiff is advised however, that the Court will accept (and does accept) the facial validity of any statute or case of the United States or one of the states cited by a party in memoranda of law.  To the extent Plaintiff wishes to bring any such material to this Court's attention, he is advised to do so in that format going forward.

## III.   ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's First Motion for Court to Take Judicial Notice of Adjudicative

Facts [Doc. No. 391] is **DENIED**; and

2.      Plaintiff's First Motion for Court to Take Judicial Notice of Law [Doc. No. 404] is **DENIED**.


Dated: November 21, 2016                    s/Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States District Judge