# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Harley Dean Meyer,<br><br>Plaintiff,<br><br>v.<br><br>Thomas Haeg, Hennepin County Referee,<br>in his official capacity, et al.,<br><br>Defendants. | Case No. 15-cv-2564 (SRN/HB)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Harley Dean Meyer, 96 Moo 3 Vibavadee Randsit Road, Laksi, Bangkok, Thailand 10210, pro se.

Andrew Tweeten, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, Richard S. Reeves, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, David Grobeck, 5821 Blaisdell Avenue South, Minneapolis, Minnesota 55419, Ronald S. Stadler, Mallery & Zimmerman, S.C., 731 North Jackson Street, Suite 900, Milwaukee, Wisconsin 53202, Stacy A. Broman, Laura J. Hanson, Meagher & Geer, PLLP, 33 South Sixth Street, Suite 4400, Minneapolis, Minnesota 55402, Bryon Glen Ascheman, Burke & Thomas, PLLP, 3900 Northwoods Drive, Suite 200, St. Paul, Minnesota 55112, Virginia K. Ekola, 3944 Zenith Avenue South, Minneapolis, Minnesota 55410, Amie E. Penny Sayler, Jonathan P. Norrie, Bassford Remele, P.A., 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, Angela B. Brandt, David M. Wilk, Larson King LLP, 30 East Seventh Street, Suite 2800, St. Paul, Minnesota 55101, Ann-Marie Anderson, Wright Welker & Pauole, PLC, 10429 South Fifty-first Street, Suite 285, Phoenix, Arizona 85044, Steven C. Kerbaugh, Steven M. Phillips, Anthony Ostlund Baer & Louwagie P.A., 90 South Seventh Street, Suite 3600, Minneapolis, Minnesota 55402, Barry G. Vermeer, Jennifer M. Waterworth, Gislason & Hunter, 701 Xenia Avenue South, Suite 500, Minneapolis, Minnesota 55416, Lindsey A. Streicher, Patrick M. Biren, Brownson & Linnihan, PLLP, 225 South Sixth Street, Suite 4800, Minneapolis, Minnesota 55402, Erin M. Secord, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, Ashley M. DeMinck, and Ellen B. Silverman, Hinshaw & Culbertson LLP, 333 South Seventh Street, Suite 2000, Minneapolis, Minnesota 55402, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Harley Dean Meyer's Motion to Set Aside Order and Judgment in a Civil Case [Doc. No. 476]. Meyer requests that the Court set aside two orders [Doc. Nos. 427, 432] and two related judgments [Doc. Nos. 429, 433] pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3). After careful review of Meyer's submissions, Defendants' responses, and the relevant case law, the Court concludes that the requested relief is procedurally improper and substantively unwarranted. Accordingly, Meyer's motion is denied.

## II. BACKGROUND

The general facts pertaining to this matter are set forth in previous rulings from this court, and are incorporated herein by reference. *See, e.g.*, *Meyer v. Haeg*, No. 15-cv-2564 (SRN/HB), 2016 WL 4153611, at *1-3 (D. Minn. Aug. 5, 2016). Briefly stated, this action arises generally from claims related to a child custody dispute that occurred in 2003. *See id.* at *2. Meyer had divorced his wife in 2001, and they were awarded joint legal and physical custody of their son, J.M. *See id.* Shortly thereafter, however, Meyer and his wife began disputing the terms of custody, leading to litigation in Hennepin County Family Court. Numerous hearings were held related to the dispute in 2002 and 2003, at which Meyer was either present in person or represented by counsel. *See id.* Ultimately, Meyer's wife was awarded sole custody of J.M., and Meyer was ordered to pay child support. *Id.*

After the 2003 custody decision, Meyer's employers at times garnished his wages to

satisfy his child support obligations, and banks where Meyer held accounts also levied those accounts for the same purpose. *See id.* at *3. According to Meyer, these levies caused him numerous harms, including credit and tax difficulties, and placement in a "passport denial program." *See id.*

Meyer now contends that all aspects of the 2003 custody decision, and the hearing preceding it, were fraudulent, procedurally deficient, involved negligence, and amounted to a civil conspiracy against him. *See id.* As a result, Meyer brought state and federal law claims against hundreds of individuals and entities (e.g., his former attorneys, judges and referees in the Minnesota state court system, the federal agencies involved with his alleged passport and tax issues, former employers, administrators at the high school J.M. attended) who he alleges were responsible for the 2003 custody decision, or relied on that decision to take actions that adversely impacted him. *See id.* In general, the vast majority of Meyer's claims allege that the Defendants' acts relating to or relying on the 2003 custody decision were violations of his civil rights, Minnesota state law, and various federal laws and regulations. *See id.*

In response to Meyer's action, most defendants moved for dismissal on various grounds, including lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and insufficient service of process. *See* Fed. R. Civ. P. 12(b)(2), (5), (6). As relevant to this matter, defendants' motions were referred to United States Magistrate Judge Hildy Bowbeer for a report and recommendation ("R&R"). *See* 28 U.S.C. § 636(b)(1). The magistrate judge duly submitted two R&Rs covering defendants' motions on June 27, 2016 [Doc. No. 292] and October 5, 2016 [Doc. No. 283], recommending that defendants'

motions be granted. Meyer timely objected to both R&Rs. On review, this Court overruled his objections and entered orders dismissing the Complaint as to all relevant defendants. (*See* Aug. 5, 2016 Order [Doc. No. 341] (as amended by Dec. 9, 2016 Order [Doc. No. 432]); Nov. 21, 2016 Order [Doc. No. 427].) Judgments were subsequently entered by the Clerk of Court on November 22, 2016 [Doc. No. 249] and December 13, 2016 [Doc. No. 433].

Meyer now moves the Court to set aside the relevant orders and judgments pursuant to Federal Rules of Civil Procedure 60(b)(3) and 60(d)(3), "on the grounds of fraud," and "on the grounds that the fraud prevented the Plaintiff from fully and fairly presenting his case."

## III. DISCUSSION

An initial question confronting the Court is whether Meyer's Motion, though styled as one for relief from a judgment or order under Rule 60, properly invokes that rule. Rule 60(b)(3) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Rule 60(d)(3) likewise indicates that a court retains power to "set aside a judgment for fraud on the court." Here, Meyer appears to allege that this Court's orders and judgments should be set aside under Rule 60 because various orders and judgments entered in the state court case were "forgeries," meaning that this Court's orders were, in a sense, procured by fraud.

However, as this Court has previously recognized, Rule 60 does not apply to all

orders or judgments—rather, it applies only to those that are "final." *See John v. MainGate, Inc.*, No. 10-cv-4902 (SRN/JJK), 2014 WL 3805662, at *2 (D. Minn. Aug. 1, 2014). As the Eighth Circuit has explained, an order or judgment is only final if an appeal may lie from that order or judgment. *See Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008). Except in certain limited circumstances not present here,[1] an order dismissing fewer than all of the defendants or claims does not give rise to a right of appeal. *See id.; see also St. Mary's Health Ctr. v. Bowen*, 821 F.2d 493, 498 (8th Cir. 1987) ("Rule 60(b) applies only to relief from a final judgment or order."). Because this Court has not dismissed all defendants in this action, Meyer's Rule 60 motion is premature. (*See also* Dec. 21, 2016 Order [Doc. No. 440] (discussing distinction between final and non-final judgments).)

Accordingly, the Court will treat Meyer's motion as a "motion to reconsider" its previous orders and judgments. *See John*, 2014 WL 3805662, at *3 (noting that court has "inherent authority" to convert the form of a motion). Such motions are not expressly provided for by the Federal Rules of Civil Procedure. By local rule, this Court has declared that "[e]xcept with the court's prior permission, a party *must not* file a motion to reconsider." D. Minn. LR 7.1(j) (emphasis added). The rule further requires that a party seeking permission to file a motion to reconsider must first "file and serve a letter of no more than two pages requesting such permission." *Id.* Permission to file a motion to reconsider will only be granted where a party demonstrates "compelling circumstances"

---

[1] *See* Fed. R. Civ. P. 54(b) (decreeing that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if* the court expressly determines that there is no just reason for delay"). No such express determination has been made here. *See also* 28 U.S.C. § 1292 (setting forth grounds for interlocutory appeal).

5

justifying reconsideration.  *Id.*

Here, Meyer has not requested permission to file a motion to reconsider in keeping with the requirements of this Court's rules.  More pertinently, the Court finds no *new* arguments (as opposed to arguments already presented in previous filings) in his supporting memorandum to justify the sort of "compelling circumstances" requiring reconsideration.  Accordingly, because Meyer's motion is both procedurally and substantively deficient, his re-styled Motion to Reconsider is denied.

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Set Aside Order and Judgment in a Civil Case [Doc. No. 476] is **DENIED**.


Dated: April 21, 2017                              s/Susan Richard Nelson
                                                   SUSAN RICHARD NELSON
                                                   United States District Judge